UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                         :
DAEBO INTERNATIONAL SHIPPING CO., LTD.,      :
                               Plaintiff,                       :
                                                          :                12 Civ. 4750 (PAE)
                            -v-                              :
                                                          :                OPINION & ORDER
AMERICAS BULK TRANSPORT (BVI) LTD., et al.,    :
                               Defendants.                  :
                                                          :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Defendants move to dismiss the Amended Complaint filed by plaintiff Daebo Shipping Co. Ltd. ("Daebo Shipping"). For the reasons that follow, that motion is granted in part and denied in part, and Daebo Shipping is granted leave to file a second amended complaint.

**I.    Background**

       This case arises from a March 13, 2012, London arbitration panel award ("the Award"), entered in favor of Daebo Shipping against Americas Bulk Transport, Ltd. ("ABT"). The Panel awarded Daebo Shipping $306,234.80, plus interest, based on a finding of a breach of contract between those parties. *See* Am. Compl. Ex. 1. Before the entry of that Award, however, Daebo Shipping had merged into another entity, Daebo International Shipping Co. Ltd. ("Daebo International"). *See* Declaration of Lauren C. Davies in Opposition to Defendants' Motion to Dismiss ("Davis Decl."), Ex. 1. Daebo International then asked the arbitral panel to amend the Award to make it in favor of Daebo International, but the panel declined to do so. Davies Decl. Ex. 2.

       On June 18, 2012, Daebo International commenced this case by filing a petition for recognition, confirmation, and enforcement of the Award. Dkt. 1. That petition named ABT as

the respondent.

On August 10, 2012, before that petition was served on ABT, a Verified Amended Complaint was filed, this time by Daebo Shipping (rather than Daebo International). Dkt. 4. In addition to seeking enforcement of the Award against ABT, the Amended Complaint named six other entities as co-defendants (the "Alter Ego" defendants).[1] It also sought a declaratory judgment that these defendants were the alter ego of ABT and therefore also liable to satisfy the Award.

On September 28, 2012, defendants moved to dismiss the Amended Complaint. Dkt. 13. Defendants also sought to convert that motion to one for summary judgment under Federal Rule of Civil Procedure 12(d), and attached evidentiary materials in support of summary judgment. Dkt. 14–15. On October 26, 2012, Daebo Shipping filed an opposition to defendants' motion, and submitted two declarations and various exhibits in support of that opposition. Dkt. 19–21. On November 27, 2012, defendants filed a reply brief and another declaration in support of their motion. Dkt. 23–24.[2]

**II.     Discussion**

   **A.  Leave to Amend**

Defendants argue that the Amended Complaint brought by Daebo Shipping should be

---

[1] The Alter Ego defendants are: Americas Bulk Transport (BVI) Ltd.; Phoenix Bulk Carriers (US) Corp.; Phoenix Bulk Carriers Ltd.; Phoenix Bulk Carriers (BVI) Ltd.; Allseas Logistics Bermuda Ltd.; and Bulk Ocean Shipping Company (Bermuda).

[2] On October 3, 2012, the Court issued an Order directing Daebo Shipping to indicate whether it intended to seek to exclude the evidentiary materials offered by defendants, or whether it sought more time to enable it to present any pertinent material. Dkt. 17; *see* Fed. R. Civ. P. 12(d). In its ensuing brief in opposition, Daebo Shipping argued that defendants' Local Rule 56.1 Statement, and the documents attached to it, should not be considered. Pl. Br. 4. Without deciding whether the Court *could* have properly considered those materials on this motion, the Court declines to consider them, because the parties do not dispute the limited facts on which this Opinion relies.

dismissed in its entirety because Daebo Shipping became defunct when it merged with Daebo International, and therefore Daebo Shipping lacks the capacity to bring this suit. Def. Br. 6 (citing Fed. R. Civ. P. 17(b)(2)). In response, Daebo Shipping asserts that it inadvertently filed the Amended Complaint in the name of Daebo Shipping, rather than Daebo International. It urges that the proper remedy here is for the Court to grant leave to file a second amended complaint, which would name Daebo International as the plaintiff. Pl. Br. 4–6. Thus, the parties agree that Daebo Shipping is an improper plaintiff. The question remains what to do about that fact.

> Rule 17(a)(3) of the Federal Rules of Civil Procedure reads:
>
> *Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3). In situations such as the one presented here, the Second Circuit has held, "the preferable course is to cure any Rule 17 defects by granting leave to amend, rather than to dismiss the affected claims." *Lambrinos v. Exxon Mobil Corp.*, 349 F. App'x 613, 614 (2d Cir. 2009) (summary order). "[T]he bar for granting leave to join real parties is low. Courts should grant leave to join the real parties in interest if (1) the defect in the named plaintiffs plausibly resulted from mistake . . . and (2) correcting this defect would not unfairly prejudice defendants by changing the particulars of the claims against them." *Wiwa v. Royal Dutch Petroleum Co.*, No. 02 Civ. 7618(KMW)(HBP), 2009 WL 464946, at *10 (S.D.N.Y. Feb. 25, 2009) (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997)). Despite defendants argument to the contrary, *see* Def. Reply Br. 15–16, at this stage of the proceedings the Court has no reason to question plaintiff's good faith. *See Park B. Smith v.*

*CHF Industries, Inc.*, 811 F. Supp. 2d 766, 775 (S.D.N.Y. 2011) ("A mistake is plausible absent evidence of bad faith or intent to deceive." (citation omitted)).  And defendants would not be unfairly prejudiced by the substitution of the proper plaintiff, as they have had ample notice of the claims against them.  *Id.*

In the face of this authority, defendants argue that Daebo Shipping's request for leave to amend the Complaint again should be denied as futile.  They explain that even if Daebo International were substituted as the plaintiff, the arbitral award would still not be enforceable in that lawsuit, because Daebo International was not the entity that prevailed in arbitration.  Def. Reply Br. 4–5.  Although defendants' contention may ultimately prove to be correct, the Court concludes that it is premature to resolve that issue, particularly inasmuch as defendants first made this futility argument in their reply brief.  The Court will benefit from more fulsome briefing on the issue of whether a successor-in-interest such as Daebo International can properly sue to vindicate an arbitral award favoring an entity, no longer extant, that merged into it.  *See* Def. Reply Br. 18 n.7 (acknowledging that their reply brief "is not intended to be an exhaustive demonstration of the totality of the grounds under which enforcement . . . should be denied").

Therefore, the Court grants Daebo Shipping's request for leave to file a second amended complaint naming Daebo International as the proper plaintiff.  Following such a filing, defendants are at liberty to move to dismiss, including on the grounds that Daebo International cannot recover on the arbitral award.[3]

---

[3] Although neither party raises the issue, the Court notes that Daebo International, as the successor to Daebo Shipping, had standing when it filed the original petition in this case.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n.5 ("[S]tanding is to be determined as of the commencement of suit.").  Thus, this is not a case where the plaintiff seeks to use Rule 17 to remedy a standing defect.  *Cf. Clarex Ltd. v. Natixis Secs. America LLC*, No. 12 Civ. 9722(PAE), 2012 WL 4849146 (S.D.N.Y. Oct. 12, 2012).

### B. The Alter Ego Defendants

Defendants also move to dismiss the claims against the Alter Ego defendants, because these defendants were not a party to the arbitration and, under Second Circuit precedent, a petition to confirm a foreign arbitral award is an inappropriate forum to adjudicate alter-ego collection proceedings. Def. Br. 8. In response, Daebo Shipping concedes that its claims against the Alter Ego defendants are barred in this suit, although it reserves the right to bring such claims in a separate action. Pl. Br. 7.[4] *See Orion Shipping & Trading Co., Inc. v. Eastern States Petroleum Corp. of Panama, S.A.*, 312 F.2d 299, 301 (2d Cir. 1963) ("[W]e hold that an action for confirmation is not the proper time for a District Court to 'pierce the corporate veil.'"); *Glencore AG v. Bharat Aluminum Co. Ltd.*, No. Civ. 5251(SAS), 2010 WL 4323264, at *6 (S.D.N.Y. Nov. 1, 2010) ("[R]equesting that the Court pierce the corporate veil for purposes of liability during the confirmation proceeding contravenes clear Second Circuit precedent that an arbitration award may not be enforced under an alter ego theory against the parent corporation of the party subject to the award."). Accordingly, Daebo Shipping's claim for a declaratory judgment against the Alter Ego defendants, in this case, is dismissed.

---

[4] Daebo International has indeed brought a separate action, also before this Court, in which it seeks enforcement of the Award against the Alter Ego defendants. *See* No. 12 Civ. 7960 (PAE). Defendants have moved to dismiss the complaint in the second action. A separate Order addressing that motion will issue today.

## CONCLUSION

Plaintiff's request for leave to file a Second Amended Complaint, naming Americas Bulk Transport Ltd. as the sole defendant, is hereby granted. That Complaint shall be filed no later than January 2, 2013. Defendants' motion to dismiss the claim against Americas Bulk Transport Ltd. is therefore denied as moot. Plaintiff's claims against the six other defendants in this case—Americas Bulk Transport (BVI) Ltd.; Phoenix Bulk Carriers (US) Corp.; Phoenix Bulk Carriers LTD.; Phoenix Bulk Carriers (BVI) LTD.; Allseas Logistics Bermuda LTD.; and Bulk Ocean Shipping Company (Bermuda)—are hereby dismissed. The Clerk of Court is respectfully directed to terminate those six defendants from this case, and to terminate the motion at docket number 13.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: December 13, 2012
       New York, New York